# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernardino Benitez-Cornejo, | No. CV-25-03672-PHX-JJT (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, *et al.*, | |
| Respondents. | |

On October 3, 2025,[1] Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 seeking release from immigration detention because despite being present in the United States since 2000, his request for custody redetermination was denied because he was considered an applicant for admission under 8 U.S.C. § 1225.[2] Petitioner also filed a motion for injunctive relief. In its October 6, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. The OSC is fully briefed. The Court will grant the Petition.

In its OSC, the Court noted Judge Lanza's recent decision in *Echevarria v. Bondi*, *et al.*, 2:25-cv-03252-DWL-ESW, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), which held that individuals like Petitioner are not "arriving aliens" subject to mandatory detention but, rather, are subject to the general removal statute, 8 U.S.C. § 1226(a). In response, Respondents reiterate the arguments considered and rejected in *Echevarria* and maintain

---

[1] Petitioner submitted the Petition on October 3, 2025 and the case was opened on October 6, 2025.

[2] Alternatively, Immigration Judge Kathryn DeAngelis held she would grant Petitioner a $5,000 bond. (Doc. 1-1, Ex. C.)

individuals who have never been admitted are "seeking admission," and, thus, fall within the ambit of 1225(b)(2)(A)'s language. As indicated in the OSC, the Court is persuaded by Judge Lanza's decision and rejects the arguments made for the same reasons cited in his decision. And the decision to exclude individuals like Petitioner from being subject to mandatory detention under § 1225(b)(2)(A) is in accord with dozens of other district courts to address the issue. *See* Doc. 1 ¶ 20 fn. 3-4.

But there is an additional reason to reject Respondents' argument in this case. Upon his arrest, Respondents provided Petitioner with a Notice of Custody Determination. (Doc. 1-1, Ex. B.) On that form, Respondents indicated Petitioner would be detained "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act." (*Id.*) Section 236 of the Immigration and Nationality Act corresponds with 8 U.S.C. § 1226. *Martinez v. Hyde*, ___ F.Supp.3d ____, 2025 WL 2084238 at *1 (D. Mass. July 24, 2025). Respondents do not address the obvious discrepancy between its Notice of Custody Determination and its current position or explain why it is permissible to unilaterally reclassify Petitioner's detention as authorized under § 1225 when he was originally told he was placed in removal proceedings under § 1226.

For all these reasons, the Petition is granted.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his First Claim for Relief. The Petition is otherwise denied without prejudice as moot.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention, provide him with a bond hearing within 15 days, or allow Petitioner to be released on the bond alternatively set by the Immigration Judge.

**IT IS FURTHER ORDERED** Respondents must provide a Notice of Compliance within three days of Petitioner's bond hearing or his release.

///

///

- 2 -

**IT IS FINALLY ORDERED** the Clerk shall enter judgment in Petitioner's favor and close this case.

Dated this 17th day of October, 2025.

Honorable John J. Tuchi
United States District Judge